**STATE OF MINNESOTA, By Warren SPANNAUS, its Attorney General, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**No. 3–74–Civ–50.**

United States District Court,
D. Minnesota,
Third Division.

Nov. 14, 1974.

Warren Spannaus, Atty. Gen. of Minn., Peter W. Sipkins, Sol. Gen., and Richard G. Mark, Asst. Sol. Gen., St. Paul, Minn., for plaintiff.

Robert G. Renner, U. S. Atty., and Francis X. Hermann, Asst. U. S. Atty., Minneapolis, Minn., for defendants U. S., Vinal, Alexander, and Schultz.

James P. Larkin, Larkin, Hoffman, Daly & Lindgren, Minneapolis, Minn., for defendant Northwestern Bell Telephone Co.

James B. Loken, Faegre & Benson, Minneapolis, Minn., for defendant Continental Telephone Co. of Minnesota, Inc.

MEMORANDUM AND ORDER

DEVITT, Chief Judge.

The issue raised by motion of United States to dismiss is whether the Federal Anti-Injunction Act bars maintenance of this action by Minnesota to enjoin imposition of the Federal Telephone Excise Tax on the Minnesota sales tax portion of telephone bills.

The purpose of this suit is to restrain the collection of federal taxes. The Anti-Injunction Act, § 7421(a) of the Internal Revenue Code, 26 U.S.C. § 7421(a), reads in pertinent part:

[N]o suit for the purpose of restraining the assessment or collection of any

58

tax shall be maintained in any court by any person, whether or not such person is the person against whom the tax is assessed.

It is clear that plaintiff's suit here is barred if the Anti-Injunction Act is applicable.

 In its most recent interpretations of this statute, the Supreme Court has given the Anti-Injunction Act almost literal effect. See Alexander v. "Americans United" Inc., 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974); Bob Jones University v. Simon, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L. Ed.2d 292 (1962). The only recognized judicial exception to the Act's application is an extremely narrow one. Since the Williams Packing decision, the Supreme Court has consistently held that only upon proof of the presence of two factors can the literal terms of § 7421 (a) be avoided. First, equity jurisdiction must exist as the essential prerequisite to injunctive relief in any case; and second, the aggrieved party must show certainty of success on the merits. Alexander v. "Americans United" Inc., supra, 416 U.S. at 757–759, 94 S.Ct. at 2057; Bob Jones University v. Simon, supra, 416 U.S. at 736–738, 94 S.Ct. at 2046; Enochs v. Williams Packing & Navigation Co., supra, 370 U.S. at 6–7, 82 S.Ct. 1125.

Plaintiff argues that the Williams Packing test should not be applied to the instant matter. But, as the law now stands, strict application of the two-part Williams Packing test cannot be avoided in cases such as this. The Supreme Court has clearly stated that the Williams Packing case "was meant to be the capstone to judicial construction of the Act." Bob Jones University v. Simon, supra, 416 U.S. at 742, 94 S.Ct. at 2048.

 Although the first part of the Williams Packing test, requiring equity jurisdiction, may be satisfied here, it is clear that the second part of the test has not been met. The second part of the test requires a showing that "under the most liberal view of the law and facts, the United States cannot establish its claim. . . ." Williams Packing, 370 U.S. at 7, 82 S.Ct. at 1129 (emphasis added). Without deciding the merits of this case, we think that the parties' contentions concerning whether the sales tax should or should not be a part of the Federal Telephone Excise Tax base are "sufficiently debatable to foreclose any notion that 'under no circumstances could the Government ultimately prevail. . . .'" Bob Jones University v. Simon, supra, 416 U.S. at 749, 94 S.Ct. at 2052, quoting Williams Packing, 370 U.S. at 7, 82 S.Ct. 1125.

Under the provisions of section 7421 (a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7421(a), this Court lacks jurisdiction to grant the relief requested in this case.

Therefore, it is ordered that defendants' motion to dismiss is granted.